IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Sparrow Barns & Events, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 4-17-cv-00558 |
| v. | § | |
| | § | |
| | § | Jury Demand |
| The Ruth Farm Inc., | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff Sparrow Barns & Events, LLC (hereinafter "Sparrow" or "Plaintiff") alleges the following against Defendant The Ruth Farm Inc., ("the Nest" or "Defendant"), and in support thereof, states the following:

### Parties

1. Sparrow Barns & Events LLC is a limited liability company duly organized in the State of Texas. Sparrow Barns & Events LLC's primary place of business is located at 7950 County Rd 2412, Quinlan, Texas 75474.

2. Defendant The Ruth Farm Inc. is a domestic for-profit corporation incorporated in the State of Texas. Defendant regularly conducts business in Texas and may be served with process through its registered representative for service, Christopher Thompson, at 3275 Creekside Drive, Ponder, Texas 76259.

### Factual Allegations Supporting Claims for Relief

3. This is an action for copyright infringement under 17 U.S.C. § 501, trade dress infringement and federal unfair competition under 15 U.S.C. § 1125 (a), and common law trade dress infringement and unfair competition under Texas statutory and common law.

4. Sparrow Barns & Events LLC owns The White Sparrow® wedding venue. The White Sparrow® barn is an internationally renowned wedding venue that has been recognized as one of the top wedding venues in America. It has been repeatedly featured and showcased in numerous media and print publications, including *CountryLiving, the knot, the Magnolia Journal, ModWedding, Brides.com, Trendy Bride, Southern Weddings, Adorn*, and many others.

5. The White Sparrow® barn has been voted one of the best venues in America by Bride Brides Magazine and it has been sought out and booked for events and commercial photography from celebrities such as Joanna Gaines to large corporations such as JC Penney.

6. The White Sparrow® has over 20,000 followers among its various social media accounts and approximately 70,000 monthly views of its Pinterest page, on which the barn is frequently showcased. The venue is instantly recognizable to consumers in the relevant market. Couples from all over the world travel to The White Sparrow® venue for their weddings.

7. Defendant the Nest has opened a competing wedding venue, located within ninety miles of The White Sparrow®. Defendant offers the exact same services, targets the same consumers, and advertises through the same outlets as The White Sparrow®. Both operate within the wedding industry and cater to the same market.

8. In planning and constructing its venue, Defendant intentionally sought to replicate the architectural plans of The White Sparrow® barn, which are protected as an architectural work under the United States Copyright Act (the "Work"). A copy of the Certificate of Registration for Copyright VAu-1-203-507 is attached hereto as Exhibit A. Sparrow Barns & Events LLC is the owner of Copyright VAu-1-203-507, which was acquired via assignment of the copyright.

9. Defendant the Nest, through its authorized agents and representatives, had significant access to the Work. Owners and agents of the Nest personally visited and photographed

the venue on numerous occasions and sent emails to Plaintiff referencing the barn, stating that they "fell in love with it." That love transformed into direct infringement of the Work.

10. Defendant the Nest further had access to Plaintiff's social media accounts, which routinely post photographs of the Work's exterior and interior features and interacted with those accounts.

11. At all relevant times, Defendant had notice that the Work was protected by United States Copyright registration. Additionally, one of Defendant's representatives was verbally alerted during a visit to the barn that the barn was protected by United States copyright law and that Plaintiff would act to protect its rights.

12. Despite those expressed warnings, Defendant the Nest has replicated the Work.

13. Sparrow issued a cease and desist letter to Defendant on June 28, 2017. Though Defendant responded to Sparrow's first letter, it failed to respond to a subsequently issued letter.

14. Sparrow Barns & Events LLC brings this action for copyright infringement to stop Defendant's infringement of its rights. Defendant has unlawfully reproduced Plaintiff's protected architectural work and constructed an unlawful derivative work. *See* Exhibit B. Defendant is not authorized to use any of the exclusive rights which Plaintiff holds as the owner of the copyright.

15. Defendant has further infringed Plaintiff's trade dress, and engaged in unfair competition under the Lanham Act and the common law of the state of Texas, by directly adopting and using Plaintiff's trade dress in its design features.

## Jurisdiction and Venue

16. This is an action for copyright infringement arising under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq*. (the "Copyright Act") and for trade dress infringement arising under 15 U.S.C. § 1125 (the "Lanham Act"). The Court has subject matter jurisdiction

under 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338 and supplemental jurisdiction over the state law claims under U.S.C. § 1367.

17. Venue is proper in this District under 28 U.S.C §§ 1391 (b) and 1400 because Defendant resides, transacts business, may be located, and is subject to personal jurisdiction here.

## Count I
### Direct Infringement under 17 U.S.C. § 501

18. Sparrow repeats and realleges the allegations in paragraphs 1-14

19. Sparrow is the owner of the architectural work that is subject of this action. Under 17 U.S.C. § 106, Sparrow holds the exclusive rights, among others, to reproduce the work and prepare derivative works based upon the work.

20. Defendant is directly infringing Sparrow's copyright in violation of 17 U.S.C. § 501. Defendant the Nest has reproduced, prepared a derivative, and made other infringing uses of the architectural work, without authorization of Sparrow.

21. Defendant the Nest's acts are willful, intentional, purposeful, and in disregard of and with indifference to the rights of Sparrow;

22. Because of its conduct, Sparrow has suffered damages and Defendant the Nest is liable to Sparrow for copyright infringement.

## Count II
### Federal Trade Dress Infringement, False Designation, and Unfair Competition

23. The allegations in the preceding paragraphs of this Complaint are hereby restated and incorporated by reference.

24. Sparrow has independently created nonfunctional, distinguishing design features which comprise the unique look of The White Sparrow® barn.

25. The interior design features of The White Sparrow®, including the stylized columns, the rear window placement, the vaulted cathedral ceilings, and the white washed interior,

among others, constitute protectable trade dress. The protectable trade dress of Sparrow are nonfunctional features that identify The White Sparrow® barn and its source to customers.

26. Defendant has intentionally and deliberately manufactured, adopted, distributed, and used in commerce Sparrow's trade dress.

27. Defendant's intentional use of Sparrow's trade dress constitutes the use in commerce of false designation of origin, false or misleading descriptions of representations that are likely to cause confusion and mistake and to deceive consumers as to the source of origin of Defendant's venue or the affiliation, connection, or association of Defendant with Plaintiff Sparrow or the sponsorship or approval of Defendant's venue by Plaintiff and constitute trade dress infringement in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125 (a).

28. Defendant the Nest's acts, as described above, are likely to cause confusion or mistake or to deceive consumers as to the affiliation, connection, or association of Defendant the Nest with Plaintiff or as to the origin, sponsorship, or approval of Defendant's services and commercial activities by Plaintiff, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (a).

29. The acts of unfair competition undertaken by Defendant, as detailed above, are deliberate and willful and have been undertaken with the intent to misappropriate the goodwill and reputation associated with The White Sparrow®.

30. Defendant's acts of infringement have caused monetary damage to Plaintiff in amount that cannot be ascertained at this time, but that is in excess of $75,000.

## Count III
## Common Law Infringement and Unfair Competition

31. The allegations in the preceding paragraphs of this Complaint are hereby restated and incorporated by reference.

32. Defendant the Nest's conduct and actions set forth above constitute trade dress infringement in the various distinctive design features of Sparrow's trade dress and unfair competition pursuant to the common and statutory law of the state of Texas.

33. Because of such infringement and unfair competition, Sparrow has suffered damages, including lost sales and lost profits and injury to its business reputation and goodwill associated with its trade dress.

## JURY TRIAL DEMAND

34. Plaintiff hereby requests trial by jury.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

a. enter judgment against Defendant finding that it has infringed Plaintiff's rights in the architectural work embodied in Exhibit A and order Defendant to remit payment of maximum statutory damages of $150,000 per work infringed under 17 U.S.C. § 504 (c), or alternatively, Plaintiff's actual damages and the profits of Defendant the Nest that are attributable to the violations alleged herein pursuant to 17 U.S.C. 504 (b);

b. enter judgment against Defendant finding that it has infringed Plaintiff's trade dress under the Lanham Act and order payment of damages pursuant thereto;

c. enter judgment against Defendant finding that it has engaged in unfair competition under the Lanham Act and order payment of damages pursuant thereto;

d. enter judgment against Defendant finding that it has engaged in unfair competition and trade dress infringement under the Texas common law and award damages pursuant thereto and order payment of damages pursuant thereto;

  e. enter judgment enjoining Defendant and its respective officers, agents, employees, directors, or any one purporting to act on its behalf from any and all use Plaintiff's trade dress;

  f. enter judgment enjoining Defendant and its respective officers, agents, employees, directors, or any one purporting to act on its behalf from any and all use of Plaintiff's copyright;

  g. order prejudgment interest on the amount of any award to Sparrow;

  h. award Plaintiff its reasonable attorneys' fees incurred in this action pursuant to § 505 of the Copyright Act; and

  i. grant Plaintiff Sparrow such other and additional relief as is just and equitable.


Dated: August 10, 2017        Respectfully Submitted,

                */s/ Chelsie N. Spencer*
                Chelsie N. Spencer
                Texas Bar No. 24094959

                **RITTER SPENCER PLLC**
                15455 Dallas Parkway, Suite 600
                Addison, Texas 75001
                Email: cspencer@ritterspencer.com
                Telephone: 214.295.5070
                Fax: 214.935.1778

                ATTORNEYS FOR PLAINTIFF
                SPARROW BARNS & EVENTS LLC